CATHARINE M. HOLLENBECK *vs.* EDMUND PIXLEY, Executor.

A widow who has lived separate from her husband for many years before his death, with all her separate property, considerable in amount, secured to her separate use, and who has no children, is not entitled to an allowance out of his personal estate, under *St.* 1838, c. 145. And it is of no importance, in this respect, which party was the culpable cause of the separation; nor that a formal indenture of separation was executed, by which she covenanted not to claim any share in his estate; nor that, soon after executing such indenture, they cohabited for two or three days.

APPEAL from a decree of the judge of probate, disallowing the application of the widow of Elias R. Hollenbeck, for an

allowance out of the estate of her husband. Hearing before *Dewey*, J., who reserved the question whether any allowance should be made, for the consideration of the whole court, upon the following facts :

The appellant and the deceased were married in 1838, and had no children. He died on the 18th of April 1854, and by his will excluded his widow from any share in his estate, which was all personal property, appraised in the inventory at $7,590. By an antenuptial contract, the separate property of the wife, of the value of $3,800, was conveyed to trustees to her separate use and benefit. Since 1846, this property has increased in value about $200, and she has received a legacy of $425. On the 15th of July 1846, the parties entered into articles of separation, by which they covenanted to live apart for the future, and all the property of the wife was conveyed to a trustee, to her separate use, and she and the trustee covenanted that she should not claim any dower or distributive share in her husband's estate. The parties afterwards continued to live apart for their joint lives, except that, within a few months after the separation, the husband visited the wife, and cohabited with her for three days, occupying the same room and bed.

The appellant introduced evidence tending to show that the principal cause of the separation was a difference between them as to the settlement of her property, her husband desiring to have it placed more immediately under his control, and that this prevented a reunion, which was for a long time the subject of correspondence between them. She also introduced evidence tending to show that he treated her with personal violence before the separation ; there was conflicting evidence on this point ; but the presiding judge was of opinion that some degree of personal violence was used, at least on one occasion, and some degree of intimidation on other occasions.

*C. N. Emerson*, for the appellant. 1. The claim of the appellant for an allowance out of her husband's estate is founded on *St.* 1838, *c.* 145, and is not inconsistent with the policy and spirit of all the statutes upon the subject, and the decisions of the court under them. *Sts.* 1783, *c.* 36, § 3 ; 1802, *c.* 93 ; 1805,

*c.* 90; 1816, *c.* 95; 1833, *c.* 40. Rev. Sts. *c.* 65, §§ 4, 5, 6, 9; *c.* 68, § 26. Sts. 1854, *cc.* 406, 428. *Brazer* v. *Dean*, 15 Mass. 184 *Currier, appellant*, 3 Pick. 375. *Washburn* v. *Washburn*, 10 Pick. 375. *Washburn* v. *Hale*, 10 Pick. 431. *Litchfield* v. *Cudworth*, 15 Pick. 30. *Crane* v. *Crane*, 17 Pick. 422. *Adams* v. *Adams*, 10 Met. 170. *Whiting* v. *Whiting*, not reported, but cited in 1 Gray, 520. *Hale* v. *Hale*, 1 Gray, 518.

2. The claim is not barred, nor the equity of the claim affected, by her separation and absence from the bed and board of her husband; for they were occasioned by his extreme cruelty, and continued attempts to cancel the marriage articles, that he might control her separate estate; and he opposed her return to his society, unless she would submit to his exactions. And the covenants in the deed of separation are not binding upon her, being a fraud upon her rights, and in contravention of the policy of the law relating to marriage; and she should not therefore be prejudiced by any thing she did or failed to do under the deed. *Fowler* v. *Shearer*, 7 Mass. 21. 2 Kent Com. (6th ed.) 168. *Westmeath* v. *Westmeath*, 2 Hagg. Eccl. (Suppt.) 115. 1 Parsons on Con. 298, 299. 2 Story on Eq. § 1428.

3. The deed of separation, if it ever had any binding force on the parties, or would have had any effect on the allowance to be made to the wife by the court, was utterly vacated by the subsequent cohabitation, and the appellant restored to her former rights and equities. Clancy on Husb. & Wife, 416, and 2 Story on Eq. § 1428, and cases cited.

*I. Sumner & H. W. Taft*, for the appellee. 1. The appellant had a separate property of her own, adequate for her support; and therefore is not entitled to any allowance " for necessaries " under St. 1838, *c.* 145, § 2. *Washburn* v. *Washburn*, 10 Pick. 375. *Adams* v. *Adams*, 10 Met. 171.

2. A wife who has left her husband is not entitled to any such allowance, without showing good conduct on her part, and that the separation was occasioned by bad usage, amounting to the *saevitia* of the ecclesiastical courts, on the part of her husband. Clancy on Husb. & Wife, 397, 405, 432. *Anon.* 2 Desaus. 198. *Anon.* 4 Desaus. 94. *Warren* v. *Warren*, 3 Mass. 521. *Lewis*

v. *Lewis*, 3 Johns. Ch. 519. She could claim no allowance without restoration. Clancy on Husb. & Wife, 230. *Badger* v *Phinney*, 15 Mass. 359. *Boyden* v. *Boyden*, 9 Met. 519. And her claim is a fraud on the covenants in the deed of separation.

3. The subsequent cohabitation for two or three days does not affect the case ; the reconciliation requisite is a return to the home and protection of her husband. Clancy on Husb. & Wife, 405, 415.

SHAW, C. J. We are not aware of any general rules regulating the discretion of courts of probate in making allowances to widows. Indeed, it depends upon such a great variety of circu﹃stances,that it would be difficult to frame any rule, in any considerable degree general, to apply to them.

Both parties refer to *St.* 1838, *c.* 145, as the one now in force, giving the law on this subject, though we believe that statute makes no substantial change from the earlier statutes. ·By the Rev. Sts. *c.* 65, §§ 4, 5, 6, it was provided that certain articles enumerated, including such provisions, furniture and other necessaries as the judge should order to be allowed to the widow, should be wholly omitted from the inventory, not be deemed assets, nor subject to probate settlement and account. This was a considerable innovation upon the old and established practice, and, after a short experience, was found or thought to be inconvenient ; and in about two years after the revised stat· utes went into operation, the statute of 1838 was passed, repealing this part of them, and substantially reinstating the law as it stood before.

By this statute, an unlimited power is given to the judge of probate, to make an allowance to the widow of such part of the personal estate, " having due regard to all the circumstances of the case," as he shall see fit, for necessaries for the use of herself, and the family under her care, if any. Such articles, though not to be deemed assets for the payment of debts or charges, are to be brought into the inventory, and of course into the probate account ; but they will be fully accounted for by showing such decree of the judge, and a delivery of the articles pursuant to it.

Hollenbeck *v.* Pixley, Executor.

Though no general rules have been or can be established, reg ulating this judicial discretion, yet, to some extent, the consider ations of justice and expediency on which the law is founded are plain and obvious, and from them we may infer the inten tion of the legislature. The case supposes the decease of a husband, leaving a widow. In the great majority of cases, he will have been a housekeeper; in many, a parent; in many leaving children helpless and dependent. In many cases, the widow, by the decease of her husband, may become the head of a household and family; new duties and obligations may rest upon her, causing an immediate demand for necessaries, some‑ times even before letters of administration can be granted. The purpose of the statute, we think, is, to make a personal allowance to her to meet these necessities. But no one of these circum- stances constitutes a condition to this allowance, or a decisive test of its fitness. The parties may not have been housekeepers, or even living together, at the time of her husband's decease. She may have been absent at a hospital or infirmary, for the re- covery of her health, bodily or mental, and stand in immediate need ; or she may be on a visit to her friends; or, by mutual consent, and for their common benefit, they may seek employ- ment in different places, as, for instance, the husband at sea, the wife in a school or a factory. But these are all " circumstances," and they are often numerous and various, to be taken into con- sideration by the judge, to determine whether any allowance shall be made, and, if any, what. The amount of the property left by the husband, and the amount of the separate property and means of the wife, are also important circumstances bearing on the question of her necessities.

The parties in the present case had been living separate a number of years. Some evidence was offered with a view to show which party was the culpable cause of this separation. But we think such fact has very little application to the ques- tion. The allowance now under consideration is not made to the widow as a reward for faithful service as a wife ; nor is it given out of the husband's estate as compensation to her for ill treatment by him as a husband ; but it is a question solely of her actual necessities

Nor do we deem it of any importance that, after an actual and formal agreement for a separation, by deed, with the inter vention of a trustee, there was a temporary cohabitation. In a question of divorce for alleged conjugal misconduct anterior to such cohabitation, that fact might be most material. The deed attending their separation, though very material in showing tha all her property was restored to her, is not necessary as proof of actual separation by mutual consent; that is proved by the par ties living apart several years, after such temporary cohabitation.

But she had no family to support, no child to provide for; all her separate property, which was very considerable, was secured to her on her marriage, and confirmed to her on the separation, and was considerably increased before the decease of her husband. No new duties devolved upon her by that event, and she incurred no additional expenses.

Under these circumstances, we see no ground to question the sound discretion of the judge of probate, in declining to make her a personal allowance out of the husband's estate; and we concur with him in deciding that her application be dismissed.

*Decree affirmed.*